STATE OF MAINE                          DISTRICT COURT
                                        LOC: AUGUSTA
KENNEBEC, ss.                           DOCKET NO. AUGDC-RE-06-024
                                        SKS- KEN - 1/25  2007

NATHAN DANIS,
d/b/a D & D BUILDERS,

        Plaintiff

    v.                                  **JUDGMENT**

GARY PRATT,

        Defendant


This matter came on for trial before the court, without jury, on the plaintiff's complaints and defendant's counterclaims. All the testimonial and other evidence has been fully considered by the court, and after that consideration, judgment will be entered for the plaintiff and the defendant in part..

### Facts

This controversy arises out of a written contract between the parties by which the plaintiff was to build a house for the defendant and the defendant was to pay for the work and materials. The contract was in writing and signed by the parties, and consists of the single package of materials including the proposal, building specifications and construction agreement, which is plaintiff's Exhibit 1. This contract would be subject to the requirements of 10 M.R.S.A. § 1486-1490, as a home construction contract. The contract includes the name of the parties and the address and phone number for the contractor, the location of the work, the work dates, the contract price and method of payment, description of the work, and provision for change orders. Although the contract does not have a provision concerning dispute resolution or the specific warranty language set forth in the statute, it does mention a one-year warranty on

workmanship and a four-year warranty n roof and chimney leaks (Plaintiff's Exhibit 7 change order). Therefore, the contract was in substantial compliance with the requirements of the statute and there were no violations of the chapter.

Of particular relevance to the present litigation is that portion of the proposal incorporated within the contract which reads, "Start date upon signing of contract and completed within 90 days." The proposal was accepted and the agreement signed, creating the contract, on June 15, 2005, meaning a completion date of approximately September 15, 2005, per the contract. In fact, the house construction was almost, but not quite complete, when the defendant ordered the plaintiff off of the job on February 16, 2006. The plaintiff explains this failure to complete the construction within the contract period by delays caused by the need to blast ledge for the foundation (one month), additional work required by the change orders and by other changes in the scope of work (e.g., change to tongue and groove paneling for most of the interior and change in the type of siding), the rainy weather and defendant's general interferrence. From his perspective, the defendant argues that the plaintiff's failure to meet the 90-day deadline was because he spent time working on other projects. The court finds that both the plaintiff and the defendant had a role in the failure to meet the construction deadline.

Following the plaintiff's departure from the work site, the defendant had some of the remaining work completed. He also had other remedial work done or obtained an estimate for such work for aspects of the construction which he believed were substandard. Those expenses included a broken granite lentil over the fireplace (which the court finds is not the plaintiff's responsibility), redoing parts of the drywall, redoing the paneling on the interior and siding on the exterior, rebuilding the fireplace and new supports for the exterior deck. Other completion items included sealing and caulking the bathroom, installation of the kitchen countertops, installation of dead bolts and

doorknobs and cleaning and sealing of the deck. These completion items and remedial repairs, plus the defendant's expenses for remaining in his previous housing and loss of rent for that housing, are included in the defendant's counterclaim totaling $52,486.66 according to his testimony.

The defendant had made periodic payments to the plaintiff for the home construction in accordance with the schedule set forth in the original contract, up until mid-February. A final invoice was presented on February 13, 2006 (plaintiff's exhibit 8) requesting payment of $27,850, which is the completion payment in accordance with the contract and change orders less certain allowances for flooring, lighting, vanity and shelving which had not been used. The defendant refused to pay this invoice and the plaintiff filed a mechanic's lien (plaintiff's exhibit 2).

## Discussion

After considering all of the evidence, including the findings set forth above, the court has concluded that the evidence established that the parties entered into a construction contract which called for performance within a fixed period of time. The contract does not include all of the statutorily required elements, but substantially complies with the statute and it has not been demonstrated that there was any harm to either party as a result of the few missing elements. Therefore, the court concludes that there was no violation of the Home Construction Act and no entitlement to attorney's fees as the result of such violation.

The court further concludes that the contract was largely performed as called for in the specifications and change orders, with the exception of certain items which were not completed at the time the contractor was ordered off the job. The contract was breached by the failure to complete the construction within the time set forth in the contract. However, the delays were the results of actions by the plaintiff, actions by the

defendant and elements of nature. The delays were temporary in nature due to impracticability of performance or frustration, constituting an excuse for the delays. *See generally* RESTATEMENT (SECOND) OF CONTRACTS, § 269 (1981); *Rockland Poultry Co. v. Anderson*, 148 Me. 211, 216, 91 A.2d 478 (1952). As a result, no damages are awarded for this breach.

The plaintiff is in breach of portions of the contract including the warranty provisions as the result of substandard performance in certain aspects of the construction. Further, there are certain portions of the work which were not performed due to early termination. Since the plaintiff substantially performed on the contract, he will recover the value of his work under the contract, reduced by credit for damages due to these unperformed or substandard performed portions of the construction. The court finds the offset amount to be $9,076.10.

The defendant was in breach of the contract by failure to pay the last payment for the work performed. The court accepts the plaintiff's base damages of $27,850, as set forth in the mechanic's lien, with an offset for the unperformed and substandard portions.

Since there was no violation of the Home Construction Act, no attorney's fees are awarded.

Based on the foregoing, the entry will be:

> Judgment for the plaintiff, as reduced by damages for the defendant on his counterclaim, in the amount of $18,773.90 plus costs and interest. This judgment establishes the final amount for purposes of execution of the mechanic's lien, pursuant to 10 M.R.S. § 3258.

Dated: January 25, 2007

S. Kirk Studstrup
Justice, Superior Court

NATHAN DANIS  - PLAINTIFF
D/B/A D AND D BUILDERS 7 COURT STREET
RANDOLPH ME 04346
Attorney for: NATHAN DANIS
MARK SUSI  - RETAINED 03/27/2006
LAW OFFICE OF MARK SUSI
193 WATER STREET
HALLOWELL ME 04347

vs
GARY PRATT  - DEFENDANT
40 COLLINS ROAD
CHELSEA ME 04330
Attorney for: GARY PRATT
DAVID J VAN DYKE  - RETAINED
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116

Filing Document: COMPLAINT                    Minor Case Type: MECHANICS LIENS
Filing Date: 03/27/2006

## Docket Events:
03/27/2006 FILING DOCUMENT - COMPLAINT FILED ON 03/27/2006

03/27/2006 Party(s):  NATHAN DANIS
          ATTORNEY - RETAINED ENTERED ON 03/27/2006
          Plaintiff's Attorney: MARK SUSI

03/27/2006 CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 03/27/2006
          PENNY  MOORE , ASSISTANT CLERK-E
          ORIGINAL TO REGISTRY WITH CHECK FROM ATTY SUSI, COPY IN FILE

04/14/2006 Party(s):  GARY PRATT
          ATTORNEY - RETAINED ENTERED ON 04/07/2006
          Defendant's Attorney: DAVID J VAN DYKE

04/14/2006 Party(s):  GARY PRATT
          RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 04/07/2006
          Defendant's Attorney: DAVID J VAN DYKE

04/14/2006 Party(s):  GARY PRATT
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/01/2006

04/14/2006 Party(s):  NATHAN DANIS
          RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 04/12/2006
          Plaintiff's Attorney:  MARK SUSI

04/19/2006 ORDER - SCHEDULING ORDER ENTERED ON 04/14/2006
          RAE ANN  FRENCH , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO ATTY
          SUSI AND ATTY VAN DYKE

04/19/2006 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 07/03/2006

08/10/2006 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 10/12/2006 @ 9:15  in Room No.  2

08/10/2006 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 08/10/2006
           ATTY SUSI AND ATTY VANDYKE

10/17/2006 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 10/12/2006
           PATRICIA  WORTH , JUDGE

10/17/2006 ORDER - PRETRIAL/STATUS ENTERED ON 10/12/2006
           PATRICIA  WORTH , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO ATTY
           SUSI AND ATTY VAN DYKE

10/17/2006 ORDER - ORDER OF ASSIGNMENT ENTERED ON 10/12/2006
           PATRICIA  WORTH , JUDGE
           AUGSC

10/17/2006 Party(s):  NATHAN DANIS
           OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 10/12/2006
           Plaintiff's Attorney:  MARK SUSI

10/17/2006 Party(s):  GARY PRATT
           OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 10/16/2006
           Defendant's Attorney: DAVID J VAN DYKE

10/17/2006 ORDER - ORDER OF ASSIGNMENT SENT ON 10/17/2006
           AUGSC

12/07/2006 TRIAL - TRAILING LIST SCHEDULED FOR 01/08/2007
           1/8/07-3/1/07

01/08/2007 TRIAL - BENCH SCHEDULE OTHER COURT ON 01/18/2007 @ 9:00
           S KIRK STUDSTRUP , JUSTICE
           AUGSC

01/08/2007 TRIAL - BENCH NOTICE SENT ON 01/08/2007

01/19/2007 TRIAL - BENCH HELD ON 01/18/2007
           S KIRK STUDSTRUP , JUSTICE
           Defendant's Attorney: DAVID J VAN DYKE
           Plaintiff's Attorney:  MARK SUSI          Reporter: TAMMY DROUIN
           PLF CALLED TED MCLAUGHLIN, DONALD POULIN, DANIEL KAPLAN, JAMES WEYMOUTH, NATHAN DANIS AS
           WITNESSES.  DEFT CALLED STEVE WELTON, MATT MCCRIMMON, MIKE HARRIS, GARY PRATT, TAMMY
           WEYMOUTH AS WITNESSES.  PLF CALLED NATHAN DANIS AND DANIEL KAPLAN AS REBUTTAL WITNESSES.
           TAKEN UNDER ADVISESMENT.

01/26/2007 FINDING - JUDGMENT DETERMINATION ENTERED ON 01/25/2007
           S KIRK STUDSTRUP , JUSTICE
           JUDGMENT FOR THE PLAINTIFF, AS REDUCED BY DAMAGES FOR THE DEFENDANT ON HIS COUNTERCLAIM,
           IN THE AMOUNT OF $18,773.90 PLUS COSTS AND INTEREST. THIS JUDGMENT ESTABLISHES THE FINAL
           AMOUNT FOR PURPOSES OF EXECUTION OF THE MECHANIC'S LIEN, PURSUANT TO 10 M.R.S.3258

COPIES MAILED TO ATTYS. OF RECORD.

ORDER - COURT JUDGMENT ENTERED ON 01/25/2007
S KIRK STUDSTRUP , JUSTICE
JUDGMENT FOR THE PLAINTIFF, AS REDUCED BY DAMAGES FOR THE DEFENDANT ON HIS COUNTERCLAIM,
IN THE AMOUNT OF $18,773.90 PLUS COSTS AND INTEREST. THIS JUDGMENT ESTABLISHES THE FINAL
AMOUNT FOR PURPOSES OF EXECUTION OF THE MECHANIC'S LIEN, PURSUANT TO 10 M.R.S.3258
COPIES MAILED TO ATTYS. OF RECORD.
Judgment entered for NATHAN DANIS and against GARY PRATT in the amount of $18773.90.


01/26/2007 FINDING - FINAL JUDGMENT CASE CLOSED ON 01/26/2007

01/26/2007 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 01/26/2007


A TRUE COPY
ATTEST: _____
                    Clerk